**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 28, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

DAVID SACHS, also known as David
Etan Le Sachs,

    Defendant-Appellant.

No. 06-1256

(D.C. No. 05-CR-00284-WYD)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is, therefore,

ordered submitted without oral argument.

Defendant David Sachs ("Sachs") appeals his six-month sentence for violating the

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R.
32.1 (eff. Jan. 1, 2007).

terms of his supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Sachs admitted to six violations of the terms of his supervised release between June 20, 2005, and February 15, 2006, for failure to participate in a drug/alcohol treatment program and possession/use of a controlled substance. Sachs tested positive for marijuana use four times between January 25, 2006, and February 15, 2006. Because his most serious violation was a Grade C violation, his advisory guideline range was four to ten (4-10) months of imprisonment. Supervised Release Violation Report ("VR") at 8-9.

At Sachs' June 2006 revocation hearing, his defense counsel, the government, and the probation officer recommended that Sachs be sentenced to a community corrections center ("halfway house"). Specifically, Sachs' attorney noted that Sachs had passed all his drug screenings from the beginning of his supervised release in May of 2005 through the date of his revocation hearing, with the exception of a brief relapse in January and February of 2006. Sachs' attorney also commented that Sachs came from a troubled home life but had taken responsibility and moved out on his own, while attending group therapy for his drug use. She argued that sending Sachs, who was twenty-three years old, to prison again would not "address what we are trying to do, which is trying to get this young person on the right path." Sentencing Transcript ("ST") at 5. The government echoed these concerns, noting that Sachs would be unlikely to gain anything from another term of incarceration, but that a halfway house would provide a stable environment for helping Sachs to remain drug-free. Similarly, the probation officer's VR recommended

requiring Sachs to live in a community corrections center for a period of up to 180 days because such a facility would meet his need "of additional structure and supervision" while allowing him "to secure verifiable employment and receive additional drug and alcohol treatment." VR at 8-9.

The district court rejected these recommendations, revoked Sachs' supervised release, and imposed a six-month prison sentence followed by two years of supervised release. One of the special conditions of Sachs' supervised release required him to reside in a halfway house for up to 180 days. In arriving at this sentence, the court stated the following:

> [l]et me just note that the Court acknowledges that the United States Sentencing Commission Guidelines are now advisory and the Court, while in addition to considering the Guidelines has also taken into account the sentencing factors found at 18 United States Code section 3553(a), and the Court affirmatively finds that the sentence which it will impose in this matter is a reasonable sentence within the meaning of the law. ST at 17-18.

On appeal, Sachs argues that his sentence is unreasonably long in light of the sentencing factors of 18 U.S.C. § 3553(a)[1] and that the district court applied the incorrect

---

[1] The factors set forth in 18 U.S.C. § 3553(a) include:

the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed – to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a).

(continued...)

standard in determining his sentence. We will not reverse a sentence imposed after revocation of supervised release if we can determine from the record that it was reasoned and reasonable. United States v. Contreras-Martinez, 409 F.3d 1236, 1241 (10th Cir. 2005). This court reviews the district court's factual findings for clear error and its legal conclusions de novo. United States v. Tsosie, 376 F.3d 1210, 1217-18 (10th Cir. 2006). In reviewing a sentence for reasonableness, this court considers whether the sentence was reasoned, or calculated, properly under the advisory Guidelines and whether the sentence is reasonable in light of the factors enumerated in 18 U.S.C. § 3553(a). United States v. Kristl, 437 F.3d 1050, 1054-55 (10th Cir. 2006). When a district court "properly considers the relevant Guidelines range and sentences the defendant within that range, the sentence is presumptively reasonable." Id. at 1055.

Sachs' sentence falls within the advisory Guidelines range and Sachs challenges only the length, and not the calculation of his sentence. Therefore, Sachs' sentence is presumptively reasonable. Sachs seeks to rebut this presumption by arguing that his sentence was unreasonable because the district court ignored relevant § 3553(a) factors in imposing his sentence.

Although the district court's explicit reference to the § 3553(a) factors was somewhat perfunctory, the record reveals that the district court considered these factors in

---

[1](...continued)
Other factors include pertinent guidelines, pertinent policy statements, the need to avoid unwanted sentencing disparities, and the need to provide restitution. See United States v. Contreras-Martinez, 409 F.3d 1236, 1242 n.3 (10th Cir. 2005).

determining Sachs' sentence. At sentencing, the district court commented on the number of Sachs' violations and the repeated pattern of substance abuse during Sachs' supervisory release. He noted that Sachs' clean drug tests did not offset the ones he had failed, there should be some form of punishment for someone who tests positive for drug use on four occasions, and that Sachs had not recognized the full extent of his drug problem. See 18 U.S.C. § 3553(a) (courts must consider "the nature and circumstances of the offense and the history and characteristics of the defendant"). In addition, the court indicated that sending Sachs to jail "will cause him to more appropriately reflect on what he needs to do" and that "there has to be a more substantial consequence" for someone who repeatedly used drugs while on supervised release. ST at 16. See 18 U.S.C. § 3553(a) (sentencing court must consider "need for the sentence imposed to afford adequate deterrence," "promote respect for the law," and "provide just punishment for the offense").

In light of these comments, we are satisfied that the district court adequately considered the relevant sentencing factors in determining Sachs' sentence. Additionally, this court has "made it quite clear that the sentencing court is not required to consider individually each factor listed in § 3553(a) before issuing a sentence." Contreras-Martinez, 409 F.3d at 1242 (quoting United States v. Kelley, 359 F.3d 1302, 1305 (10th Cir. 2004)). Moreover, we do not "demand that the district court 'recite any magic words' to show us that it fulfilled its responsibility to be mindful of the factors that Congress has instructed it to consider." Id. Because the record reveals that the district

-5-

court considered the relevant factors enumerated in § 3553(a), Sachs has failed to sufficiently rebut the presumption that his sentence is reasonable.

Finally, Sachs argues that his sentence is unreasonable because the district court applied the incorrect standard. In determining Sachs' sentence, the district court noted that in addition to its consideration of the Guidelines and § 3553(a) factors, the sentence it imposed "[was] a reasonable sentence within the meaning of the law." ST at 17-18. Sachs argues that his sentence is unreasonable because the district court should have imposed a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) rather than a "reasonable" sentence. He asserts that "a district court's job is not to impose a 'reasonable' sentence. Rather, a district court's mandate is to impose 'a sentence sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)(2). Reasonableness is the appellate standard of review in judging whether a district court has accomplished its task." United States v. Foreman, 436 F.3d 638, 644 n.1 (6th Cir. 2006).

Because Sachs' sentence was within the recommended advisory Guidelines range, it is presumptively reasonable. "A defendant may rebut this presumption by demonstrating that the sentence is unreasonable in light of the other sentencing factors laid out in § 3553(a)." Kristl, 437 F.3d at 1055. Although Sachs correctly asserts that reasonableness is an appellate standard of review, he has failed to show that his sentence is unreasonable in light of the factors set forth in § 3553(a). The district court expressly noted that it considered the § 3553(a) factors and we have concluded that the district court

-6-

adequately considered these factors and imposed a reasonable sentence. Sachs cannot

assert that his sentence is unreasonable simply because the district court ultimately

concluded that "in addition to considering the Guidelines" and "taking into account the

sentencing factors found at 18 United States Code Section 3553(a)," Sachs' sentence was

also a "reasonable sentence within the meaning of the law." ST at 17-18. Because the

district court considered the § 3553(a) factors and imposed a reasonable sentence, we

cannot conclude that the district court applied an incorrect standard in sentencing Sachs

merely because it also stated that Sachs' sentence was reasonable.

Sachs' sentence is presumptively reasonable. Because he has failed to demonstrate

that the district court ignored relevant § 3553(a) factors or applied the incorrect standard

in sentencing him, we will AFFIRM the district court.

Entered for the Court


Mary Beck Briscoe
Circuit Judge